Below is an opinion of the court.

_____
THOMAS M. RENN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>AMERIFLEX ENGINEERING LLC,<br><br>Debtor. | Case No. 17-60837-tmr11 |
| BLUEEARTH MARINE, LLC,<br><br>Plaintiff,<br>v.<br><br>PHILLIP CAM, BRIAN CAM, PACIFIC DIAMOND & PRECIOUS METALS, INC., AND CAJON, INC.,<br><br>Defendants. | Adv. Proc. No. 20-6056-tmr<br><br><br>MEMORANDUM DECISION[1] |

**Introduction**

Plaintiff, BlueEarth Marine, LLC, filed a complaint (Doc. #1) alleging breach of fiduciary duty, interference with contract, conversion, and interference with business relations. Defendants Phillip Cam, Brian Cam, Pacific Diamond & Precious Metals, Inc., and Cajon, Inc.,

---

[1] This disposition is specific to this case. It may be cited for whatever persuasive value it may have.

Page 1 of 12 – MEMORANDUM DECISION

responded with a motion to dismiss (Doc. #8), arguing that the bankruptcy court lacks subject matter jurisdiction to hear the asserted state law claims.[2] Defendants assert a jury trial right and do not consent to the bankruptcy court's entry of final orders or judgments. After reviewing the parties' briefing, hearing oral argument, and conducting my own research, for the reasons stated below, I will deny Defendants' motion to dismiss.

In this chapter 11 case, the bankruptcy court confirmed a creditor plan of reorganization that provided for the sale of essentially all the debtor's assets to Plaintiff. *See* Order Confirming Plan (Main Case Doc. #529). The confirmation order approved the asset purchase agreement and directed the debtor to perform under that agreement and to take all reasonably requested actions to complete the sale. *See* Main Case Doc. #529, page 7. Defendants are the LLC members of the debtor LLC along with their sole members and managers. In addition, Defendant Phillip Cam was designated to fulfill the duties of the debtor from the beginning of the case until replaced effective December 17, 2018. *See* Order of Designation (Main Case Doc. #13) and Amended Order of Designation (Main Case Doc. #628).

Plaintiff's complaint describes claims related to the sale of the assets and failures to perform under the asset purchase agreement. The primary conduct complained about allegedly occurred following the hearing on confirmation of the plan and prior to the closing of the sale and delivery of the assets. As described, the alleged claims are directly related to the implementation of the confirmed plan. The chapter 11 case remains open.

///

///

---

[2] At the parties' request, the court stayed the motion and this adversary proceeding for some months to allow resolution of a pending arbitration and to pursue settlement discussions. By stipulated order, the stay terminated, and the parties proceeded to brief and argue the motion.

**Subject Matter Jurisdiction**

Bankruptcy courts are courts of limited jurisdiction created by statute. *See Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995). Congress provided in 28 U.S.C. § 1334(b) that bankruptcy courts have jurisdiction over "all civil proceedings <u>arising under</u> title 11, or <u>arising in</u> or <u>related to</u> cases under title 11." *Montana v. Goldin (In re Pegasus Gold Corp.)*, 394 F.3d 1189, 1193 (9th Cir. 2005) (emphasis added). Matters that arise under title 11 or arise in title 11 are considered core proceedings. *See Schultze v. Chandler (In re Schultze)*, 765 F.3d 945, 948 (9th Cir. 2014), as amended (Aug 1, 2014).

"Arising under" jurisdiction "involve causes of action created or determined by a statutory provision of title 11." *Wilshire Courtyard v. Cal. Franchise Tax Bd. (In re Wilshire Courtyard)*, 729 F.3d 1279, 1285 (9th Cir. 2013) (citing *Harris v. Wittman (In re Harris)*, 590 F.3d 730, 737 (9th Cir 2009)). In this proceeding, the claims asserted in the complaint are state law claims and are not created or determined by title 11. Therefore, arising under jurisdiction is absent.

"Arising in" jurisdiction involve cases that are "not those created or determined by the bankruptcy code, but which would have no existence outside of a bankruptcy case." *Wilshire Courtyard*, 729 F.3d at 1285 (citing *Maitland v. Mitchell (In re Harris Pine Mills)*, 44 F.3d 1431, 1435-37 (9th Cir. 1995)). Matters involving the administration of the bankruptcy estate or duties arising under bankruptcy law are "inseparable from the bankruptcy case." *Schultze*, 765 F.3d at 949.

"Related to" jurisdiction has been described as "very broad, including nearly every matter directly or indirectly related to the bankruptcy." *Wilshire Courtyard*, 729 F.3d at 1287 (citing *Sasson v. Sokoloff (In re Sasson)*, 424 F.3d 864, 868 (9th Cir. 2005)). *See also Celotex*, 514 U.S.

at 308 (words suggest a "grant of some breadth"). For post-confirmation cases, the court must apply the "close nexus" test to determine if the claim has the required close nexus to the bankruptcy case. *See Wilshire Courtyard*, 729 F.3d at 1287-1289. Under the close nexus test, matters affecting "the interpretation, implementation, consummation, execution, or administration of the confirmed plan will typically have the requisite close nexus." *Pegasus Gold*, 394 F.3d at 1194.

Additionally, bankruptcy courts can have ancillary jurisdiction over a matter. "[I]t is well recognized that a bankruptcy court has the power to interpret and enforce its own orders." *Wilshire Courtyard*, 729 F.3d at 1289 (citing *Travelers Indemnity Co. v. Bailey*, 557 U.S. 137, 151 (2009) (court "plainly had jurisdiction").

Plaintiff as the moving party has the burden to prove this court has subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Wilshire Courtyard*, 729 F.3d at 1284.

**Core Proceeding**

The parties disagree over whether the claims described in the complaint make this a core proceeding. Congress has directed that the bankruptcy judge must determine whether a proceeding qualifies as core or is otherwise related to a bankruptcy case. 28 U.S.C. § 157(c)(3). As cited by the parties, we have Ninth Circuit cases that provide guidance for the determination.

Shortly after the 1984 amendments to the Bankruptcy Code, the Circuit decided *Castlerock Properties*, holding that the bankruptcy court lacked jurisdiction to enter judgment on noncore counterclaims asserting prepetition contract claims. *Piombo Corp. v. Castlerock Properties (In re Castlerock Properties)*, 781 F.2d 159, 162 (9th Cir. 1986). The Circuit instructed bankruptcy courts to avoid characterizing state law claims as core based only on the

catchall provisions of 28 U.S.C. § 157(b)(2)(A) and (O) if to do so would "raise constitutional problems," specifically putting courts in a position where a non-Article III judge would hear matters that were required to be heard by an Article III judge. *Castlerock Properties*, 781 F.2d at 162. *See also Taxel v. Electronic Sports Research (In re Cinematronics, Inc.)*, 916 F.2d 1444, 1450 (9th Cir. 1990) (post-petition state law claims against non-debtor were noncore and jury trial right "may cause constitutional problems").

In *Harris Pine Mills*, the Circuit held that post-petition state law claims asserted against the bankruptcy trustee and counsel were core proceedings. *Harris Pine Mills*, 44 F.3d at 1438. During the case, the trustee sold assets belonging to the bankruptcy estate, and the purchaser sued the trustee for fraud, negligence, and negligent misrepresentation related to the sale. Because the state law claims arose out of the trustee's administrative activities, the Circuit affirmed that the claims involved a core proceeding. *Harris Pine Mills*, 44 F.3d at 1438 (claims against trustee "inextricably intertwined" with sale of property). *See also Robertson v. Isomedix, Inc. (In re Int'l Nutronics)*, 28 F.3d 965, 969 (9th Cir. 1994), *cert. denied Robertson v. Isomedix, Inc.*, 513 U.S. 1016 (1994) (matters concerning estate administration are core).

In another case involving claims against a bankruptcy trustee, the Circuit ruled the bankruptcy court had arising in jurisdiction to adjudicate claims against the bankruptcy trustee. *Harris*, 590 F.3d at 737 (an action against a bankruptcy trustee for administration of the estate could not exist independent of the bankruptcy case). In *Harris*, the plaintiff claimed the trustee breached a settlement agreement when selling assets of the estate, and the Circuit found the claims to be core under 28 U.S.C. §157(b)(2)(A). *Harris*, 590 F.3d at 740. The Circuit also clarified its holding in *Castlerock Properties* by stating that jurisdiction "should be interpreted

///

narrowly, not that there are no circumstances under which the 'catchall' provisions can provide core jurisdiction." Harris, 590 F.3d at 740.

In *Ray*, claims related to post-confirmation conduct formed the basis for the Circuit to rule that the bankruptcy court lacked jurisdiction. *Battle Ground Plaza, LLC, v. Ray (In re Ray)*, 624 F.3d 1124, 1135 (9th Cir. 2010). After confirmation of a chapter 11 plan, the debtor sold real property as allowed by the plan, and an objecting party sued based on a claimed violation of a prepetition right of first refusal. The Circuit focused on the parties (reorganized debtor and non-debtor parties) and the breach of the prepetition contract (right of first refusal) to hold that the lawsuit did not arise in the bankruptcy case and was not core. *Ray*, 624 F.3d at 1131-35.

In *Schultze*, plaintiffs commenced a legal malpractice action against counsel for the unsecured creditors' committee after confirmation of a plan of reorganization. *Schultze*, 765 F.3d at 947. The Circuit held that the bankruptcy court properly exercised jurisdiction over the removed action and correctly dismissed the case on the merits. *Schultze*, 765 F.3d at 950. Plaintiffs had argued their claim did not invoke any right created under bankruptcy law or involve administration of the bankruptcy estate. The Circuit disagreed and noted that arising in jurisdiction "does not require that the matter be 'based on any right expressly created by title 11.'" *Schultze*, 765 F.3d at 949 (citing *Marshall v. Stern (In re Marshall)*, 600 F.3d 1037, 1055 (9th Cir. 2010) (matter must "have no existence outside of the bankruptcy" case). With respect to committee counsel, the Circuit pointed out that the bankruptcy court approved counsel's employment and fees, and that counsel's "duties pertained solely to the administration of the bankruptcy estate." *Schultze*, 765 F.3d at 949 ("falls easily within definition of a core proceeding").

///

Page 6 of 12 – MEMORANDUM DECISION

Case 20-06056-tmr    Doc 33    Filed 03/31/22

**Analysis**

As an initial matter, Defendants' general argument that the bankruptcy court lacks subject matter jurisdiction to resolve state law claims is not persuasive. Congress declared in 28 U.S.C. § 157(b)(3) that "[a] determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law." Although Plaintiff raises state law claims, this alone does not automatically limit the bankruptcy court's jurisdiction. *See Harris*, 590 F.3d at 738 (claims related to post-petition conduct). We must look more closely at whether these claims constitute core proceedings. Congress defined core proceedings in 28 U.S.C. § 157(b)(2), including (A) "matters concerning the administration of the estate" and (O) "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims." When applying these catchall provisions, we must be mindful of the constitutional problems raised in these types of proceedings. *See Castlerock Properties*, 781 F.2d at 162 (prepetition state law counterclaims). However, being mindful does not mean that "there are *no circumstances* under which the 'catchall' provisions can provide core jurisdiction." *Harris*, 590 F.3d at 740 (clarifying holding in *Castlerock Properties*)(emphasis in original).

Here, Plaintiff's complaint alleges that Defendants performed actions that frustrated the administration of the estate and the transfer of bankruptcy estate assets to Plaintiff under the purchase agreement and the confirmed chapter 11 plan. Defendants controlled the pre-confirmation debtor and its assets. The complaint therefore alleges actions by Defendants directly related to the administration of the estate. *See Harris*, 590 F.3d at 739 (claims were "inextricably intertwined with the sale of estate assets—the literal administration of the bankruptcy estate").

Defendants are the former members/owners of the chapter 11 debtor or its LLC shareholders. In a chapter 11 case, the debtor remains in possession of its assets and has certain rights and duties of a trustee. *See* 11 U.S.C. § 1107(a). Additionally, the court had appointed one of the defendants to fulfill the duties of the debtor. As such, Defendants themselves had certain duties and responsibilities. Because they controlled the debtor-in-possession, we might even say Defendants are the "functional equivalent" of a bankruptcy trustee in this context. *See Honigman, Miller, Schwartz & Cohn v. Weitzman (In re DeLorean Motor Co.)*, 155 B.R. 521, 525 (9th Cir. BAP 1993) (citing the Sixth Circuit in *In re DeLorean Motor Co.*, 991 F.2d 1236, 1241, 1243 (6th Cir. 1993)).

Claims against bankruptcy trustees, or their agents and professionals, fall within the core jurisdiction of the bankruptcy court. *See Harris Pine Mills*, 44 F.3d at 1438 (claims against trustee); *Harris*, 590 F.3d at 740 (claims against trustee); and *Schultze*, 765 F.3d at 949 (claims against committee counsel). The Ninth Circuit has held that those matters arose in bankruptcy and could not exist outside of bankruptcy because the roles (trustee, creditors' counsel), and any claims against parties in those roles, would not exist outside of a bankruptcy case. In contrast, the claims in *Castlerock Properties* involved a prepetition claim against a non-debtor. *Castlerock Properties*, 781 F.2d at 162.

Additionally, in this case, the confirmed plan by its terms created duties and obligations for the debtor related to the sale of assets. *See* Main Case Doc. #529, page 7 ("Debtor is directed by the Court (and if Debtor fails to do so, shall be sanctioned by the Court) to consummate, perform under, and implement the Asset Purchase Agreement. . .."). Plaintiff alleges claims against Defendants directly related to the implementation of the confirmed plan and the administration of the bankruptcy estate assets. Without the confirmed plan and the related sale of

Page 8 of 12 – MEMORANDUM DECISION

Case 20-06056-tmr    Doc 33    Filed 03/31/22

bankruptcy estate assets, Plaintiff's claims against Defendants would not exist. *See Schultze*, 765 F.3d at 949 (acts occurred in administration of estate and would have no existence outside bankruptcy).

Here, we have a post-petition contract for the sale of assets implemented through a confirmed plan of reorganization. *See Harris*, 590 F.3d at 739 (post-petition contract with claims related to post-petition conduct). Those undisputed facts contrast with *Castlerock Properties* and *Ray* discussed earlier. *See Castlerock Properties*, 781 F.2d at 162 (prepetition contract); and *Ray*, 624 F.3d at 1133 (prepetition contract; post-confirmation sale which was not part of plan). Again, like *Harris*, the alleged conduct in this case happened after the case filing but before the transfer of assets and the case closing. *See Harris*, 590 F.3d at 739.

Defendants claim the Ninth Circuit BAP opinion in *DeLorean*, cited in *Harris Pine Mills*, supports a finding that this matter is not a core matter. *DeLorean* references a related Sixth Circuit determination that the defendants were "the functional equivalent of a bankruptcy trustee" and that the lawsuit "interferes with the administration of the bankruptcy estate." *DeLorean Motor Co.*, 155 B.R. at 525. Because the Sixth Circuit had already ruled the matter was a core proceeding, the BAP held that neither mandatory nor discretionary abstention were appropriate. *DeLorean Motor Co.*, 155 B.R. at 525.

*Harris Pine Mills* also cited a First Circuit case for the proposition that a post-petition state law contract claim asserted by the debtor-in-possession arising out of the sale of assets during the case was core, because it arose from administrative activities. *See Arnold Print Works, Inc. v. Apkin (In re Arnold Print Works)*, 815 F.2d 165, 168 (1st Cir. 1987) ("falls within the literal wording" of the statute) (cited with approval by Ninth Circuit in *Int'l Nutronics*, 28 F.3d at 969). State law contract claims can exist independently, but a claim against a bankruptcy trustee

for the trustee's administration of the bankruptcy estate could not. *See Harris Pine Mills*, 44 F.3d at 1437.

In each of these instances, the claims could not exist outside of the bankruptcy as there would be no trustee, debtor-in-possession, or court-appointed counsel without the bankruptcy case. In this adversary, we don't have claims against a trustee in bankruptcy, but we do have claims alleged against defendants who were managing Debtor and were responsible for maintaining Debtor's assets as part of the bankruptcy estate. We have arising in jurisdiction because we are dealing with the sale and transfer of bankruptcy assets, which is literally the administration of the estate. *See Harris*, 590 F.3d at 739.

For these reasons, I find that the bankruptcy court has arising in jurisdiction to adjudicate Plaintiff's claims.

Separate from arising in jurisdiction, a bankruptcy court can also have related to jurisdiction. Although related to jurisdiction can be very broad, the Ninth Circuit has stated that jurisdiction is more limited after confirmation. *Pegasus Gold*, 394 F.3d at 1194 (adopting the close nexus test). As discussed above, Plaintiff's claims here concern the implementation of the plan including the underlying asset purchase agreement. Such matters meet the close nexus test and establish related to jurisdiction. *See Pegasus Gold*, 394 F.3d at 1194 (alleged breach of plan and related settlement agreement satisfies close nexus test). *See also Wilshire Courtyard*, 729 F.3d at 1289 (close nexus existed in closed bankruptcy case).

Although Defendants argue that the matters do not satisfy the close nexus test because the matters will not affect the confirmation or implementation of the plan, I disagree. It is true that confirmation of the plan is not at issue in this matter. The allegations raised, however, are directly related to the terms and implementation of the plan. Defendants, who controlled the

debtor, allegedly prevented the debtor from performing under the confirmed plan. This matter is, thus, directly related to the plan's implementation.

Related to jurisdiction does not require that Plaintiff's claims be against the debtor or even that debtor continue to exist. *See Pegasus Gold*, 394 F.3d at 1194 (liquidating trust). The *Pacor* test, which applies pre-confirmation, looks at whether the outcome of a separate civil proceeding could "alter the debtor's rights, liabilities, options, or freedom of action… and which in any way impacts upon the handling and administration of the bankruptcy estate." *See Fietz v. Great Western Savings (In re Fietz)*, 852 F.2d 455, 457 (9th Cir. 1988) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)). Post-confirmation, the close nexus test looks at whether the matter is related to "the interpretation, implementation, consummation, execution, or administration of the confirmed plan." *See Wilshire Courtyard*, 729 F.3d at 1288. The claims here satisfy the requirements of the close nexus test. Therefore, I find the bankruptcy court also has "related to" jurisdiction to adjudicate Plaintiff's claims.

Finally, as a matter of law, this court has ancillary jurisdiction. The Supreme Court has confirmed that bankruptcy courts have jurisdiction to interpret their own prior orders. *Travelers*, 557 U.S. at 151. "[I]t is well recognized that a bankruptcy court has the power to interpret and enforce its own orders." *Wilshire Courtyard*, 729 F.3d at 1289 (ancillary jurisdiction is "a close cousin to 'related to' jurisdiction"). The confirmation order in this case includes language about the sale of assets and prohibited certain conduct related to that sale. Interpretation of that order might be necessary in this proceeding.

**Conclusion**

For these reasons, I conclude that the bankruptcy court has subject matter jurisdiction over the claims, the matters are core proceedings, and Defendants' motion to dismiss will be

denied. The court will enter a separate order denying the motion and providing 14 days for Defendants to file their answers or other responsive pleadings. *See* Federal Rules of Bankruptcy Procedure 7012(a).

###